**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEMETRIUS PEARSON,<br><br>Plaintiff,<br><br>v.<br><br>GORE NITROGEN PUMPING SERVICE, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-1068-PRW |

# ORDER

Before the Court are Defendant Gore Nitrogen Pumping Service, LLC's ("Gore Nitrogen") Motion to Dismiss (Dkt. 12) and pro se Plaintiff Demetrius Pearson's ("Pearson") Response in Opposition (Dkt. 16). For the following reasons, the Court **GRANTS** the Motion (Dkt. 12).

## ***Background***

This case arises from alleged employment discrimination and retaliatory discharge. Pearson is a former employee of Gore Nitrogen. On September 16, 2025, Pearson filed his Complaint (Dkt. 1), and on October 8, 2025, he filed an Amended Complaint (Dkt. 7). The Amended Complaint appears to assert claims for discrimination, retaliation, wrongful termination, and post-termination retaliation based on allegations that Gore Nitrogen fired and withheld pay from Pearson after he informed the company's Human Resources Department that his wife was pregnant.

## ***Legal Standard***

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[1] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[3] While factual allegations are taken as true, a court need not accept mere legal conclusions.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[5]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[6] Courts should not, however, "assume the role of advocate for the pro se litigant.[7] And the broad construction of a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8] Because a pro se plaintiff "requires no special legal training to recount the facts surrounding his alleged injury," his pro se status does not

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted).

[3] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[5] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[7] *Id.*

[8] *Id.*

overcome the rule that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[9]

Plaintiff is not required to set forth a prima facie case in his complaint.[10] Plaintiff is, however, required to set forth plausible claims, so in determining whether a claim is plausible, the elements of a prima facie case are helpful.[11]

***Discussion***

**I. Plaintiff fails to state a claim for discrimination.**

To state a claim for discrimination, a plaintiff must show that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class.[12] Title VII protects only against discrimination that occurs on the basis of the individual's race, color, religion, sex, or national origin.[13]

The Court dismisses Plaintiff's discrimination claim because he does not allege that he belongs to a protected class. The Amended Complaint only includes allegations that Defendant discriminated against Plaintiff based on his announcement that his partner may be pregnant. And under Title VII, "potential marital or family status distinction only

---

[9] *Id.* (citations omitted).

[10] *Khalik*, 671 F.3d at 1192.

[11] *Id.*; *see Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020); *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

[12] *Khalik*, 671 F.3d at 1192.

[13] 42 U.S.C. § 2000e-2(a)(1).

violates the statute if its impact is to discriminate on the basis of sex."[14] Plaintiff's parental discrimination allegations are not accompanied by any assertions that such discrimination was based on sex.[15] And while the Complaint included allegations of race-based discrimination, the Amended Complaint dropped those allegations.[16] The Court therefore holds that because the Amended Complaint does not include any allegations of discrimination based on sex, race, or some other protected class, it must be dismissed.

## II. Plaintiff fails to state a claim for retaliation, wrongful termination, and post-termination retaliation.

To state a claim for retaliation under Title VII, a plaintiff must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[17] In the Tenth Circuit, "[p]rotected opposition can range from filing formal charges to voicing informal complaints to superiors."[18] To state a claim for wrongful termination under Oklahoma

---

[14] *Mabry v. State Bd. of Community Colleges and Occupational Educ.*, 813 F.2d 311, 315 (10th Cir. 1987).

[15] *See Grove v. Builders Trust of N.M.*, No. 13-001, 2015 WL 13665431, at *5 (D.N.M. Mar. 2, 2015) ("Employment decisions based on a person's status as a parent are not cognizable as gender discrimination under Title VII.").

[16] An amended complaint supersedes all prior complaints and becomes the operative pleading in the case. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). The Court recently informed Plaintiff of this effect and gave Plaintiff the opportunity to move for leave to file one complete complaint. Plaintiff did not file such complaint by the court-imposed deadline.

[17] *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1051 (10th Cir. 2011) (quoting *Proctor v. UPS*, 502 F.3d 1200, 1208 (10th Cir. 2007)).

[18] *Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004).

law, "the plaintiff must show that (1) he was discharged; (2) he refused to do an illegal act; (3) a significant factor in the decision to discharge was retaliation for plaintiff's refusal to do the illegal act; and (4) plaintiff was damaged as a result of the discharge."[19]

Plaintiff's retaliation, wrongful termination, and post-termination retaliation claims are interrelated. In essence, Plaintiff alleges that after informing Defendant of his potential fatherhood, Defendant terminated his employment and later withheld his final paycheck. To the extent Plaintiff characterizes these actions as retaliation, the claims fail at the outset because the Amended Complaint does not allege that Plaintiff engaged in any protected opposition to discrimination.

The Amended Complaint is defective because it alleges only that Plaintiff informed his supervisors of his partner's pregnancy. Simply informing an employer of one's potential fatherhood constitutes neither protected opposition to discrimination, as required to state a retaliation claim, nor a refusal to engage in an illegal act, as required to state a wrongful termination claim. Had Plaintiff alleged, for example, that he complained to a supervisor that he was being treated differently because of his sex, he may have satisfied the protected-activity element. But no such allegations appear in the Amended Complaint. The Court therefore dismisses Plaintiff's retaliation, wrongful termination, and post-termination retaliation claims.

***Conclusion***

[19] *Heath v. John Christner Trucking, Inc.*, No. 00-5177, 2001 WL 1265870, at *2 (10th Cir. Oct. 23, 2001) (unpublished).

Accordingly, the Court **DISMISSES** the Amended Complaint (Dkt. 12) **WITHOUT PREJUDICE**. Because leave to amend would not be futile, Plaintiff may move for leave to amend on or before September 1, 2026. Any such motion must follow Local Civil Rule 15.1 and the applicable Federal Rules of Civil Procedure.

The Court also **DENIES** Plaintiff's pending Motion for Leave to File Second Amended Complaint (Dkt. 18) without prejudice to Plaintiff re-filing that motion after considering the deficiencies identified in this Order.

**IT IS SO ORDERED** this 25th day of August 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE